# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **OSMAN JALLOH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:14-cv-0986-VEH-SGC |
| | ) |
| **ERIC HOLDER, JR. United States** | ) |
| **Attorney General,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This is an action on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which the petitioner, Osman Jalloh, proceeding *pro se*, has sought to challenge his continued detention pending removal pursuant to the Immigration and Nationality Act. *See generally, Zadvydas v. Davis*, 533 U.S. 678 (2001). The respondents have filed a motion to dismiss this action as moot on the grounds the petitioner was released from the custody of the United States Immigration and Customs Enforcement on November 6, 2014, pursuant to an order of supervision. (Doc. 12; *see also* Doc. 12-1).

Because the petitioner has been released on an order of supervision, the court can no longer provide meaningful relief, and the petition for a writ of habeas corpus

1

is moot.  *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003); *see also Spencer v. Kemna*, 423 U.S. 1, 8 (1998) (once habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine).  Accordingly, the motion to dismiss (Doc. 12) is due to be **GRANTED**, and the petition for a writ of habeas corpus (Doc. 1) is due to be **DISMISSED**.  A separate final judgment will be entered.

  **DONE** this 30th day of December, 2014.

                _____
                **VIRGINIA EMERSON HOPKINS**
                **United States District Judge**